UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

JUN 2 5 2002

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| SHERMAN F. JAFFE, | ) |
| THERESA L. HOLT, | ) |
| BRIAN J. WILKOZEK, | ) |
| SHAH SIDDIQUI, | ) |
| NEERAJ MODY, | ) |
|     also known as Ned Mody, | ) |
| KAY ELLIOTT, | ) |
| JACQUELYNNE WATSON, | ) |
| THOMAS G. HOZIER, | ) |
| MARY R. VOLPE, | ) |
| JOHN SIMMONS, | ) |
| WEDDIE JACKSON, | ) |
| LEONARD L. MOORE, | ) |
| DANTE SAMSON, | ) |
| ELLEN BERRY, and | ) |
| GLENDA GARCIA | ) |

**DOCKETED**

JUN 2 6 2002

No: 02 CR 576

Violations: Title 18, United States Code, Sections 2, 1341, 1343 and 1957

Judge Matthew F. Kennelly

JUDGE KENNELLY

MAGISTRATE JUDGE DENLOW

FIRST SUPERSEDING INDICTMENT

COUNT ONE

The SPECIAL FEBRUARY 2002-1 GRAND JURY charges:

1.    At times material to this indictment:

    a.    Share Development Company, Inc. ("Share Development") was located at 20 E. Jackson, Chicago, Illinois. Share Development was in the business of buying, developing and selling real estate. Share Development maintained a checking account at Midwest Bank and Trust Company ("Midwest Account").

    b.    A person known to the Grand Jury ("Individual A") was the sole shareholder, President, Secretary and Treasurer of Share Development and was the only authorized signatory on the Midwest Account.

c.     In or about April 1997, Individual A purchased a residential property located at 5641 S. Union, Chicago, Illinois (the "Union Property").

2.     From no later than in or about May 1997 and continuing to in or about August 1997, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

SHERMAN F. JAFFE,

defendant herein, together with Individual A and others known and unknown to the Grand Jury devised, intended to devise, and participated in a scheme to defraud and to obtain money and property, namely, a mortgage loan in the amount of approximately $61,600 from a mortgage lender, National Lending Center, Inc., by means of materially false and fraudulent pretenses, representations, promises and material omissions, which scheme is further described below.

3.     It was part of the scheme that Individual A and defendant JAFFE agreed that JAFFE would purchase the Union Property from Individual A.

4.     It was further part of the scheme that Individual A would provide to defendant JAFFE all funds needed to purchase the Union Property and that defendant JAFFE would falsely and fraudulently represent National Lending Center, for the purpose of obtaining a loan for the purchase of the Union Property, that the funds came from defendant JAFFE.

5.     It was further part of the scheme that on or about June 16, 1997, Individual A wrote a check drawn Individual A's account at Midwest Bank in the amount of $8,489 with the notation "5641 Union S. Jaffe" in the memo section. Individual A used this check to purchase a cashier's check in the amount of $8,489, and fraudulently caused the purchaser of this cashier's check to be listed as "Sherman F. Jaffe," well knowing that, in fact, Individual A had purchased this cashier's check.

2

6.    It was further part of the scheme that Individual A provided the cashier's check to defendant JAFFE so that JAFFE could provide the cashier's check to the mortgage company in connection with the purchase of the Union Property.

7.    It was further part of the scheme that, on or about June 16, 1997, defendant JAFFE provided the cashier's check to the mortgage company in connection with the purchase of the Union Property and falsely represented to the mortgage company that the funds came from the "borrower," well knowing that, in fact, Individual A had provided the funds.

8.    It was further part of the scheme that defendant JAFFE made materially false and misleading statements and material omissions in the mortgage application and approval process in connection with the purchase of the Union Property, including:

a.    Falsely representing on his URLA that the cash from "borrower" was $7,934.50, when, as defendant JAFFE well knew, he was not providing cash totaling $7,934.50 at closing; and

b.    Falsely representing on the Housing and Urban Development Settlement Statement relating to the transaction that the "cash from borrower" was $9,089, when, as defendant JAFFE well knew, he only paid $600 and knew that the remainder, namely, $8,489 had been paid for by Individual A.

c.    Intentionally withholding and omitting to disclose the material fact that Individual A supplied the funds used to purchase the cashier's check that defendant JAFFE tendered to close the transaction.

d.    Falsely representing on his Uniform Residential Loan Application ("URLA") that as the "borrower" he had assets in the form of personal property totaling $100,000, when, as

3

defendant JAFFE well knew, he did not;

        e.     Falsely representing on his URLA that as the "borrower" he had no assets in the form of real property, when, as defendant JAFFE well knew he was the co-owner of real property located in Chicago;

        9.     It was further part of the scheme that the defendant did misrepresent, conceal and hide, and cause to be misrepresented, concealed and hidden the true purposes of the acts done in furtherance of the scheme.

        10.    On or about June 16, 1997, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

SHERMAN F. JAFFE

defendant herein, for the purpose of executing the above-described scheme, knowingly did cause to be transmitted by means of wire and radio communication in interstate commerce, signals and sounds, namely a facsimile transmission of a cashier's check totaling $8,489 pertaining to the real estate closing for the purchase of the Union Property, from Chicago, Illinois to National Lending Center, Inc. in Deerfield Beach, Florida ;

        In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWO

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

1.     At times material to this indictment:

        a.     Share Development Company, Inc. ("Share Development"), was a corporation located at 20 E. Jackson, Chicago, Illinois which was in the business of buying, developing and selling real estate.

        b.     Share Development maintained a checking account at Midwest Bank and Trust Company ("Midwest Account").

        c.     Apex Financial Services ("Apex"), located in Oak Park, Illinois, was a licensee of Champion Mortgage, located in Westmont, Illinois. Champion Mortgage later changed its name to Challenge Mortgage ("Challenge"). Individual B was the President of Apex and a mortgage broker for Challenge. Apex, through its licensing agreement with Challenge, was engaged in the business of obtaining mortgages for individuals seeking to purchase real estate.

        d.     Share Development entered into an agreement with Jay Goran in or about June 1996 and with the Estate of Jay Goran in or about June 1997 under which Share Development was given the option to purchase up to approximately 200 residential properties owned by Jay Goran and the Estate of Jay Goran (the "Goran Properties") located in Chicago, Illinois for $25,000 each ("Goran Agreements").

        e.     Under the Goran Agreements, an escrow account was opened at The Chicago Title and Trust Company ("Chicago Title"), into which deeds for properties which Share Development intended to purchase from Goran were to be placed pending closing.

        f.     Between January 1997 and October 1997, defendant THERESA L. HOLT

5

("HOLT") and Share Development purchased approximately 99 properties under the Goran Agreements for approximately $25,000 each.

        g.     Between October 1997 and February 1999, after the expiration of the Goran Agreements, a company located in Chicago, Illinois ("Company A") purchased approximately 12 of the Goran Properties from the Estate of Jay Goran.

        h.     Between October 1997 and February 1999, defendant HOLT purchased approximately 12 of the Goran properties from Company A for approximately $30,000 to $37,000 each.

The Defendants

        2.     Defendant HOLT was the sole shareholder, President, Secretary and Treasurer of Share Development and was the only authorized signatory on the Midwest Account. In or about July 1998, HOLT entered into an Independent Contractor Agreement with Challenge, under which defendant HOLT agreed to solicit mortgage customers and accept mortgage loan applications on behalf of Challenge in exchange for commissions.

        3.     Defendant BRIAN J. WILKOZEK ("WILKOZEK") was a loan officer at JVS, Financial Inc. ("JVS"), a Chicago area mortgage loan originating and brokering company. In this capacity, WILKOZEK served as a representative and agent of JVS for the purpose of the mortgage application and approval process.

        4.     Between June 1994 and June 2001, defendant NEERAJ MODY ("MODY") was a loan processor employed by Individual B. In this capacity, MODY served as a representative and agent for Challenge for the purpose of the mortgage application and approval process.

        5.     Between March 1996 and March 1998, defendant SHAH SIDDIQUI ("SIDDIQUI")

6

was a loan processor employed by Individual B. In this capacity, SIDDIQUI served as a representative and agent for Challenge for the purpose of the mortgage application and approval process.

6.     Between March 1998 and approximately November 1998, defendant SIDDIQUI was a branch/general manager and loan officer/processor for defendant HOLT and Share Development.

7.     Defendants KAY ELLIOTT ("ELLIOTT"), JACQUELYNNE WATSON, ("WATSON"), THOMAS G. HOZIER ("HOZIER"), MARY R. VOLPE ("VOLPE"), JOHN SIMMONS ("SIMMONS"), WEDDIE JACKSON ("JACKSON"), LEONARD L. MOORE ("MOORE"), DANTE SAMSON ("SAMSON"), ELLEN BERRY ("BERRY") and Sherman F. Jaffe ("Jaffe"), purchased certain of the Goran Properties from defendant HOLT and Share Development.

8.     From not later than in or about January 1997 to at least February 1999, defendant GLENDA GARCIA was ("GARCIA") employed at times by defendant HOLT and at times by Individual B.

7

9.     Beginning no later than in or about June 1996 and continuing to at least in or about March 2002, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

THERESA L. HOLT,
BRIAN J. WILKOZEK,
SHAH SIDDIQUI,
NEERAJ MODY,
also known as Ned Mody,
KAY ELLIOTT,
JACQUELYNNE WATSON,
THOMAS G. HOZIER,
MARY R. VOLPE,
JOHN SIMMONS,
WEDDIE JACKSON,
LEONARD L. MOORE,
DANTE SAMSON,
ELLEN BERRY, and
GLENDA GARCIA,

defendants herein, along with Sherman F. Jaffe and others known and unknown to the Grand Jury, devised, intended to devise, and participated in a scheme to defraud various mortgage lenders, to obtain money and property from various mortgage lenders by means of materially false and fraudulent pretenses, representations, promises and material omissions.

### Summary of the Scheme

10.     The scheme, in summary, was as follows:

a.     Beginning in or about June 1996, defendant HOLT devised a scheme under which defendant HOLT and Share Development purchased certain of the Goran Properties, which were then resold to co-schemers at inflated prices, financed through fraudulently obtained mortgage loans.

b.     Defendant HOLT recruited defendants ELLIOTT, WATSON, HOZIER, VOLPE, SIMMONS, JACKSON, MOORE, SAMSON, BERRY and Jaffe (collectively the

"purchaser-defendants") to purchase the Goran Properties from defendant HOLT by representing to them that they could purchase the properties "with no money down" and receive cash back at closing.

        c.     From on or about January 1997 to on or about February 1998, defendant HOLT sold approximately 99 of the Goran Properties to defendants ELLIOTT, WATSON, HOZIER, VOLPE, SIMMONS, JACKSON, MOORE and Jaffe at inflated prices.

        d.     From on or about September 1998 to on or about February 1999, defendant HOLT sold approximately 12 of the Goran Properties, which defendant HOLT purchased from Company A, to defendants SAMSON and BERRY at inflated prices.

        e.     Defendant HOLT used defendants WILKOZEK, SIDDIQUI, MODY, and GARCIA to help create false and fraudulent documents to be used by the purchaser-defendants in order to qualify for mortgages on the properties. These false and fraudulent documents were used by defendants WILKOZEK, SIDDIQUI and MODY during the mortgage application and approval process, for the purpose of ensuring that the purchaser-defendants qualified for mortgage loans.

        f.     The Goran Properties were typically purchased by defendant HOLT in a "cash" real estate transaction, that is, a transaction in which the HOLT agreed to pay between $25,000 and $37,000 for each property without borrowing funds against the value of the property (the "first purchase"). Then, typically on the same day, defendant HOLT would "flip" or sell the Goran Properties to the purchaser-defendants for inflated prices (the "second purchase"). A portion of the proceeds from the purchaser-defendants' fraudulently obtained mortgages, was used to pay for defendant HOLT's "cash" first purchase.

        g.     After closing, defendant HOLT paid the purchaser-defendants at least $3,000

or $4,000 for each property they purchased, which payment of monies was a material fact not disclosed to the mortgage companies in any of the closing documents.

        h.    Defendant HOLT and Share Development profited from the difference between the inflated second purchase price, and the total of first purchase price (the "spread") and defendant HOLT's "cost" of selling the properties. The "spread" proceeds were used among other things, to pay the other defendants who participated in the fraudulent scheme. As a result of the scheme, the defendants fraudulently caused lenders to issue mortgage loans on approximately 111 Chicago area properties in an amount exceeding $5.7 million, which loans would not otherwise have been issued.

Allegations Of The Scheme

        11.    It was part of the scheme that defendant HOLT, recruited defendants ELLIOTT, WATSON, HOZIER, VOLPE, SIMMONS, JACKSON, MOORE, SAMSON, BERRY and Jaffe to purchase certain of the Goran Properties from defendant HOLT and Share Development.

        12.    It was a further part of the scheme that defendant HOLT represented to defendants ELLIOTT, WATSON, HOZIER, VOLPE, SIMMONS, JACKSON, MOORE, SAMSON, BERRY and Jaffe that they could purchase the Goran Properties with no money down and receive cash back at closing.

        13.    It was a further part of the scheme that defendant HOLT represented to certain of the purchaser-defendants that defendant HOLT would provide the purchaser-defendants with "seller carry back" loans, which loans would obviate the need for the purchaser-defendants to provide a down payment because the loans were applied toward the down payment on the purchase of the properties. Defendant HOLT's "seller carry back" loans typically amounted to 10% to 15% of the

10

sales price of the properties.

14. It was a further part of the scheme that defendant HOLT told certain of the purchaser-defendants that these "seller carry back" loans were only a "formality" to facilitate lender approval of the transactions, and that defendant HOLT had no intention of ever enforcing the repayment terms included in these loans.

15. It was further part of the scheme that defendant HOLT agreed to make, and did make, cash payments of at least $3,000 or $4,000 per property to the purchaser-defendants.

16. It was further part of the scheme that defendant HOLT enlisted defendant GARCIA to assist her in the creation of false and fraudulent documents to be used by the purchaser-defendants in order to qualify for mortgage loans.

17. It was further part of the scheme that defendant HOLT provided defendants WILKOZEK, SIDDIQUI and MODY materially false and misleading information concerning the purchaser-defendants' credit, employment and financial histories, as well as the source and circumstances of the purchaser-defendants' down payment in order to obtain mortgage loans for the purchaser-defendants.

18. It was further part of the scheme that, in exchange for payments from defendant HOLT, defendants WILKOZEK, SIDDIQUI and MODY knowingly submitted and caused to be submitted to mortgage companies and other lenders materially false, fraudulent and forged lease agreements, Uniform Residential Loan Applications ("URLA"), and other documents showing, among other things, inflated rental incomes attributable to the Goran Properties, in order to mislead the lenders regarding the true financial position of the purchaser-defendants.

19. It was further part of the scheme that defendants HOLT, WILKOZEK, SIDDIQUI,

MODY and the purchaser-defendants made materially false and misleading and material omissions in the mortgage application and approval process in connection with purchasing certain of the Goran Properties, including:

        a.      Purchaser-defendants' falsely representing on their URLA's that the cash from "borrower" would be provided by the purchaser-defendants at closing, when, as the purchaser-defendants well knew, that they were not providing cash at closing or that they would be reimbursed by defendant HOLT for cash from "borrower" they brought to closing; and

        b.      Purchaser-defendants' falsely representing on the Housing and Urban Development Settlement Statements ("HUD-1 Statements") relating to the purchase of the Goran Properties that the "cash from borrower" was provided by the borrower, well knowing, in fact, that such cash had been provided by defendant HOLT;

        c.      Intentionally withholding and omitting the material fact that defendant HOLT either supplied the funds presented by the purchaser-defendants at closing, or reimbursed the purchaser-defendants for funds presented by them at closing.

        d.      Intentionally withholding and omitting the material fact that purchaser-defendants had previously purchased other Goran Properties or that purchaser-defendants owned other Goran Properties on the purchaser-defendants' URLA's, in connection with purchases of Goran Properties.

    20.    It was further part of the scheme that the purchaser-defendants, through the assistance of defendants WILKOZEK, SIDDIQUI, MODY and GARCIA, obtained one or more mortgage loans through the use of materially false and fraudulent information.

    21.    It was a further part of the scheme that numerous lenders sustained losses which

losses exceeded $2,500,000.

28.     It was a further part of the scheme that some of the purchaser-defendants failed to make timely payments on the fraudulently-obtained mortgage loans.

29.     It was a further part of the scheme that some of the purchaser-defendants filed bankruptcy, which bankruptcies discharged them from the obligation to make future mortgage payments.

30.     It was further part of the scheme that defendants did misrepresent, conceal and hide, and cause to be misrepresented, concealed and hidden the true purposes of the acts done in furtherance of the scheme.

31.     On or about September 10, 1997, in the Northern District of Illinois, Eastern Division,

THERESA L. HOLT,
BRIAN J. WILKOZEK and
KAY ELLIOTT,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly deposited and caused to be deposited a matter to be sent and delivered by United Parcel Service, a private and commercial interstate carrier, namely, a package containing documents pertaining to the real estate closing for the purchase of one of the Goran Properties, located at 1304 E. 93rd Street, Chicago, Illinois 60619, addressed to JVS Financial, 2500 International Parkway, Woodridge, Illinois 60517;

In violation of Title 18, United States Code, Sections 1341 and 2.

13

## COUNT THREE

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

1.      Paragraphs 1 through 30 of Count Two of this indictment are realleged and incorporated herein as if fully set forth.

2.      On or about June 30, 1997, in the Northern District of Illinois, Eastern Division,

> THERESA L. HOLT,
> SHAH SIDDIQUI, and
> KAY ELLIOTT,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly deposited and caused to be deposited a matter to be sent and delivered by United Parcel Service, a private and commercial interstate carrier, namely, a package containing documents pertaining to the real estate closing for the purchase of one of the Goran Properties, located at 6427 S. Parnell, Chicago, Illinois 60621, addressed to The Provident Bank, 1 E. Fourth Street, Mail Location 189D, Cincinnati, Ohio 45202;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT FOUR

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

1.       Paragraphs 1 through 30 of Count Two of this indictment are realleged and incorporated herein as if fully set forth.

2.       On or about August 1, 1997, in the Northern District of Illinois, Eastern Division,

THERESA L. HOLT,
NEERAJ MODY,
also known as Ned Mody, and
JACQUELYNNE M. WATSON

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly deposited and caused to be deposited a matter to be sent and delivered by Federal Express, a private and commercial interstate carrier, namely, a package containing documents pertaining to the real estate closing for the purchase of one of the Goran Properties, located at 7521 S. Dorchester, Chicago, Illinois 60619, addressed to Mercantile Mortgage Co., 477 East Butterfield Road, Suite 310, Lombard, Illinois 60148;

In violation of Title 18, United States Code, Sections 1341 and 2.

<u>COUNT FIVE</u>

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

1.     Paragraphs 1 through 30 of Count Two of this indictment are realleged and incorporated herein as if fully set forth.

2.     On or about September 11, 1997, in the Northern District of Illinois, Eastern Division,

THERESA L. HOLT,
NEERAJ MODY,
also known as Ned Mody and
JACQUELYNNE M. WATSON

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly deposited and caused to be deposited a matter to be sent and delivered by Federal Express, a private and commercial interstate carrier, namely, a  package containing documents pertaining to the real estate closing for the purchase of one of the Goran Properties, located at  8606 S. Ada, Chicago, Illinois 60620, addressed to New Century Mortgage Corporation, 1699 E. Woodfield Road, Suite 400, Schaumburg, Illinois 60173;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT SIX

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

1.      Paragraphs 1 through 30 of Count Two of this indictment are realleged and incorporated herein as if fully set forth.

2.      On or about August 28, 1997, in the Northern District of Illinois, Eastern Division,

THERESA L. HOLT,
BRIAN J. WILKOZEK,
JACQUELYNNE WATSON, and
GLENDA GARCIA

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, an envelope containing a Trustee's Deed pertaining to the real estate closing for the purchase of one of the Goran Properties, located at 5627 S. Normal, Chicago, Illinois 60621, addressed to Share Development Company, Inc., 20 E. Jackson, Chicago, Illinois 60604;

In violation of Title 18, United States Code, Sections 1341 and 2.

17

## COUNT SEVEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

1.      Paragraphs 1 through 30 of Count Two of this indictment are realleged and incorporated herein as if fully set forth.

2.      On or about September 10, 1997, in the Northern District of Illinois, Eastern Division,

THERESA L. HOLT,
SHAH SIDDIQUI, and
THOMAS G. HOZIER,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, an envelope containing a Trustee's Deed pertaining to the real estate closing for the purchase of one of the Goran Properties, located at 325 S. Whipple, Chicago, Illinois 60612, addressed to Share Development Company, Inc., 20 E. Jackson, Chicago, Illinois 60604;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT EIGHT

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

1.       Paragraphs 1 through 30 of Count Two of this indictment are realleged and incorporated herein as if fully set forth.

2.       On or about September 30, 1997, in the Northern District of Illinois, Eastern Division,

THERESA L. HOLT,
SHAH SIDDIQUI, and
THOMAS G. HOZIER,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly deposited and caused to be deposited a matter to be sent and delivered by United Parcel Service, a private and commercial interstate carrier, namely, a package containing documents pertaining to the real estate closing for the purchase of one of the Goran Properties, located at 3125 W. Polk, Chicago, Illinois 60612, addressed to Brokers Commitment Corp., 11440 Isaac Newton Square North, Suite 110, Reston, Virginia 20190;

In violation of Title 18, United States Code, Sections 1341 and 2.

19

<u>COUNT NINE</u>

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

1.      Paragraphs 1 through 30 of Count Two of this indictment are realleged and incorporated herein as if fully set forth.

2.      On or about October 10, 1997, in the Northern District of Illinois, Eastern Division,

THERESA L. HOLT,
BRIAN J. WILKOZEK, and
THOMAS G. HOZIER,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, an envelope containing a Trustee's Deed pertaining to the real estate closing for the purchase of one of the Goran Properties, located at 7938 S. Normal, Chicago, Illinois 60620, addressed to Share Development Company, Inc., 20 E. Jackson, Chicago, Illinois 60604;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT TEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

1.      Paragraphs 1 through 30 of Count Two of this indictment are realleged and incorporated herein as if fully set forth.

2.      On or about August 18, 1997, in the Northern District of Illinois, Eastern Division,

THERESA L. HOLT,
BRIAN J. WILKOZEK, and
MARY R. VOLPE

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, an envelope containing a Trustee's Deed pertaining to the real estate closing for the purchase of one of the Goran Properties, located at 638 W. 64th Street, Chicago, Illinois 60621, addressed to Share Development Company, Inc., 20 E. Jackson, Chicago, Illinois 60604;

In violation of Title 18, United States Code, Sections 1341 and 2.

21

## COUNT ELEVEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

1.      Paragraphs 1 through 30 of Count Two of this indictment are realleged and incorporated herein as if fully set forth.

2.      On or about October 6, 1997, in the Northern District of Illinois, Eastern Division, and elsewhere,

THERESA L. HOLT,
NEERAJ MODY,
also known as Ned Mody and
MARY R. VOLPE,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly deposited and caused to be deposited a matter to be sent and delivered by the United States Postal Service, namely, a package containing loan documents pertaining to the real estate closing for the purchase of one of the Goran Properties, located at 7150 S. Lowe, Chicago, Illinois 60621, addressed to Mary R. Volpe, 4919 West Kamerling, Chicago, Illinois 60651;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT TWELVE

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

1.      Paragraphs 1 through 30 of Count Two of this indictment are realleged and incorporated herein as if fully set forth.

2.      On or about February 16, 1998, in the Northern District of Illinois, Eastern Division,

THERESA L. HOLT,
NEERAJ MODY,
also known as Ned Mody and
JOHN SIMMONS,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, an envelope containing a promissory note pertaining to the real estate closing for the purchase of one of the Goran Properties, located at 7135 S. Eggleston, Chicago, Illinois 60621, addressed to Share Development Company, Inc., 20 E. Jackson, Chicago, Illinois 60604;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT THIRTEEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

1.      Paragraphs 1 through 30 of Count Two of this indictment are realleged and incorporated herein as if fully set forth.

2.      On or about February 19, 1998, in the Northern District of Illinois, Eastern Division,

THERESA L. HOLT,
NEERAJ MODY,
also known as Ned Mody and
JOHN SIMMONS,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, an envelope containing a Warranty Deed pertaining to the real estate closing for the purchase of one of the Goran Properties, located at 1316 E. 72nd Place, Chicago, Illinois 60636, addressed to John Simmons, 5050 W. Gladys, Chicago, Illinois 60644;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT FOURTEEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

1.      Paragraphs 1 through 30 of Count Two of this indictment are realleged and incorporated herein as if fully set forth.

2.      On or about February 19, 1998, in the Northern District of Illinois, Eastern Division,

THERESA L. HOLT,
NEERAJ MODY,
also known as Ned Mody and
JOHN SIMMONS,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, an envelope containing a Warranty Deed pertaining to the real estate closing for the purchase of one of the Goran Properties, located at 5208 S. Aberdeen, Chicago, Illinois 60609, addressed to John Simmons, 5050 W. Gladys, Chicago, Illinois 60644;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT FIFTEEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

1.      Paragraphs 1 through 30 of Count Two of this indictment are realleged and incorporated herein as if fully set forth.

2.      On or about August 15, 1997, in the Northern District of Illinois, Eastern Division,

THERESA L. HOLT,
BRIAN J. WILKOZEK, and
WEDDIE JACKSON,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, an envelope containing a Trustee's Deed pertaining to the real estate closing for the purchase of one of the Goran Properties, located at 655 W. 61st Place, Chicago, Illinois 60636, addressed to Share Development Company, Inc., 20 E. Jackson, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT SIXTEEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

1.     Paragraphs 1 through 30 of Count Two of this indictment are realleged and incorporated herein as if fully set forth.

2.     On or about August 15, 1997, in the Northern District of Illinois, Eastern Division,

THERESA L. HOLT,
BRIAN J. WILKOZEK, and
WEDDIE JACKSON,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, an envelope containing a Trustee's Deed pertaining to the real estate closing for the purchase of one of the Goran Properties, located at 601 W. 70th Street, Chicago, Illinois, addressed to Share Development Company, Inc., 20 E. Jackson, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

27

## COUNT SEVENTEEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

1.      Paragraphs 1 through 30 of Count Two of this indictment are realleged and incorporated herein as if fully set forth.

2.      On or about September 30, 1997, in the Northern District of Illinois, Eastern Division, and elsewhere,

THERESA L. HOLT,
NEERAJ MODY,
also known as Ned Mody and
LEONARD L. MOORE,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly deposited and caused to be deposited a matter to be sent and delivered by the United States Postal Service, namely, a package containing loan documents pertaining to the real estate closing for the purchase of one of the Goran Properties, located at 6422 S. Rhodes, Chicago, Illinois 60637, addressed to Leonard L. Moore, 1320 North Cleaver, Chicago, Illinois 60622;

In violation of Title 18, United States Code, Sections 1341 and 2.

28

<u>COUNT EIGHTEEN</u>

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

1.     Paragraphs 1 through 30 of Count Two of this indictment are realleged and incorporated herein as if fully set forth.

2.     On or about October 2, 1997, in the Northern District of Illinois, Eastern Division,

THERESA L. HOLT,
NEERAJ MODY,
also known as Ned Mody and
LEONARD L. MOORE,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, an envelope containing a Trustee's Deed pertaining to the real estate closing for the purchase of one of the Goran Properties, located at 6422 S. Rhodes, Chicago, Illinois 60637, addressed to Share Development Company, Inc., 20 E. Jackson, Chicago, Illinois 60604;

In violation of Title 18, United States Code, Sections 1341 and 2.

29

## COUNT NINETEEN

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

1.     Paragraphs 1 through 30 of Count Two of this indictment are realleged and incorporated herein as if fully set forth.

2.     On or about December 21, 1998, in the Northern District of Illinois, Eastern Division,

THERESA L. HOLT and
DANTE SAMSON

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly deposited and caused to be deposited a matter to be sent and delivered by Federal Express, a private and commercial interstate carrier, namely, a  package containing documents pertaining to the real estate closing for the purchase of one of the Goran Properties, located at 7311 S. University, Chicago, Illinois 60619, addressed to Mortgage Acceptance Corp., 1625 W. Big Beaver Road, Suite C, Troy, Michigan 48084;

In violation of Title 18, United States Code, Sections 1341 and 2.

### COUNT TWENTY

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

1.      Paragraphs 1 through 30 of Count Two of this indictment are realleged and incorporated herein as if fully set forth.

2.      On or about February 25, 1999, in the Northern District of Illinois, Eastern Division,

THERESA L. HOLT and
DANTE SAMSON

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, an envelope containing a Warranty Deed pertaining to the real estate closing for the purchase of one of the Goran Properties, located at 6844 S. Throop, Chicago, Illinois 60636, addressed to Lakeshore Title Agency, 1301 Higgins Road, Elk Grove Village, Illinois 60007;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT TWENTY-ONE

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

1.      Paragraphs 1 through 30 of Count Two of this indictment are realleged and incorporated herein as if fully set forth.

2.      On or about January 19, 1999, in the Northern District of Illinois, Eastern Division,

THERESA L. HOLT and
ELLEN BERRY,

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly deposited and caused to be deposited a matter to be sent and delivered by Federal Express, a private and commercial interstate carrier, namely, a package containing documents pertaining to the real estate closing for the purchase of one of the Goran Properties, located at 5812 S. Bishop , Chicago, Illinois 60636, addressed to Provident Consumer Finance, 309 Vine Street, Cincinnati, Ohio 45202;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT TWENTY-TWO

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

1.      Paragraphs 1 through 30 of Count Two of this indictment are realleged and incorporated herein as if fully set forth.

2.      On or about February 10, 1999, in the Northern District of Illinois, Eastern Division,

THERESA L. HOLT,
ELLEN BERRY, and
GLENDA GARCIA

defendants herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered by the United States Postal Service, according to the directions thereon, an envelope containing a Warranty Deed pertaining to the real estate closing for the purchase of one of the Goran Properties, located at 6808 S. Peoria, Chicago, Illinois 60621, addressed to Share Development Company, Inc., 20 E. Jackson, Chicago, Illinois 60604;

In violation of Title 18, United States Code, Sections 1341 and 2.

33

## COUNTS TWENTY-THREE TO SEVENTY-NINE

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

On or about the dates set forth below, each such date constituting a separate count of this indictment, in the Northern District of Illinois, Eastern Division, and elsewhere,

### THERESA L. HOLT,

defendant herein, did knowingly engage and attempt to engage in a monetary transaction affecting interstate commerce and involving criminally derived property of a value greater than $10,000, in that defendant HOLT caused the preparation and negotiation of 57 checks drawn on the Midwest Account totaling $1,765,425.43, which $1,765,425.43 was derived from specified unlawful activity, namely, mail and wire fraud as more fully set forth in Counts 2 through 22;

| COUNT | DATE | CHECK # | AMOUNT |
|-------|------|---------|--------|
| 23 | July 2, 1997 | 1586 | $10,219.95 |
| 24 | July 7, 1997 | 1597 | $12,000.00 |
| 25 | July 10, 1997 | 1600 | $10,600.00 |
| 26 | July 17, 1997 | 1606 | $12,168.50 |
| 27 | July 24, 1997 | 1613 | $10,400.00 |
| 28 | July 29, 1997 | 1619 | $11,939.14 |
| 29 | August 11, 1997 | 1637 | $17,375.00 |
| 30 | August 11, 1997 | 1638 | $24,000.00 |
| 31 | August 18, 1997 | 1649 | $14,190.90 |
| 32 | August 18, 1997 | 1651 | $26,500.00 |
| 33 | August 26, 1997 | 1667 | $26,427.36 |
| 34 | August 26, 1997 | 1668 | $26,019.93 |
| 35 | August 28, 1997 | 1670 | $10,626.00 |

| 36 | August 28, 1997 | 1682 | $15,000.00 |
| 37 | August 29, 1997 | 1704 | $27,420.51 |
| 38 | September 11, 1997 | 1728 | $14,000.00 |
| 39 | September 18, 1997 | 1747 | $12,000.00 |
| 40 | September 30, 1997 | 1777 | $12,600.58 |
| 41 | October 3, 1997 | 1790 | $12,023.00 |
| 42 | October 6, 1997 | 1789 | $40,878.87 |
| 43 | October 7, 1997 | 1806 | $22,666.50 |
| 44 | October 10, 1997 | 1811 | $20,000.00 |
| 45 | October 21, 1997 | 1824 | $12,000.00 |
| 46 | November 4, 1997 | 1849 | $22,500.00 |
| 47 | November 14, 1997 | 1861 | $246,603.61 |
| 48 | December 12, 1997 | 1898 | $11,566.53 |
| 49 | February 4, 1998 | 1962 | $16,472.52 |
| 50 | March 19, 1998 | 2019 | $61,250.00 |
| 51 | March 30, 1998 | 2047 | $64,228.84 |
| 52 | March 30, 1998 | 2049 | $76,821.15 |
| 53 | April 10, 1998 | 2063 | $62,007.58 |
| 54 | April 21, 1998 | 2072 | $10,337.38 |
| 55 | June 24, 1998 | 2170 | $13,500.00 |
| 56 | July 16, 1998 | 2186 | $24,000.00 |
| 57 | July 20, 1998 | 2228 | $12,260.36 |
| 58 | September 2, 1998 | 2300 | $36,000.00 |
| 59 | September 24, 1998 | 2338 | $12,000.00 |
| 60 | October 2, 1998 | 2357 | $30,539.00 |
| 61 | October 2, 1998 | 2358 | $30,539.00 |

| 62 | October 14, 1998 | 2375 | $12,000.00 |
|----|------------------|------|------------|
| 63 | November 2, 1998 | 2429 | $30,539.00 |
| 64 | November 9, 1998 | 2437 | $29,500.00 |
| 65 | November 17, 1998 | 2451 | $12,000.00 |
| 66 | November 19, 1998 | 2454 | $29,500.00 |
| 67 | November 19, 1998 | 2455 | $29,500.00 |
| 68 | December 2, 1998 | N/A | $29,574.00 |
| 69 | December 1, 1998 | 2484 | $14,644.50 |
| 70 | January 6, 1999 | 2541 | $81,278.38 |
| 71 | January 14, 1999 | 2549 | $69,000.00 |
| 72 | June 22, 1999 | 2840 | $30,918.95 |
| 73 | July 28, 1999 | 2885 | $18,380.71 |
| 74 | September 28, 1999 | 2958 | $26,169.50 |
| 75 | May 27, 2000 | 3146 | $11,668.61 |
| 76 | June 22, 2000 | 3161 | $11,764.82 |
| 77 | July 20, 2000 | 3208 | $94,147.06 |
| 78 | July 31, 2000 | 3216 | $91,157.69 |
| 79 | January 5, 2001 | 3359 | $12,000.00 |
| | | Total | $1,765,425.43 |

In violation of Title 18, United States Code, Sections 2 and 1957.

## FORFEITURE ALLEGATION

The SPECIAL FEBRUARY 2002-1 GRAND JURY further charges:

1.      The allegations contained in Counts 23 through 79 of this indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982.

2.      As a result of a violation of Title 18, United States Code, Section 1957,

THERESA L. HOLT,

defendants herein shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any and all right, title, and interest the defendant has in any property, constituting, and derived from proceeds obtained directly and indirectly as a result of the violation.

3.      The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section 982, include, but are not limited to at least $1,765,425.43, and the interests and proceeds traceable thereto, including but not limited to the following:

a)      Real property having a Permanent Index Number of 11-29-313-008-000 in Cook County, Illinois, commonly known as 1538 West Sherwin Avenue, Chicago, Illinois;

b)      Proceeds in the amount of $32,352.77 held in escrow by the United States Marshals Service relating to the sale of real property having a Permanent Index Number of 13-01-102-023-0000 in Cook County, Illinois, commonly known as 6340 North Whipple Avenue, Chicago, Illinois; and

c)      Proceeds in the amount of $47,014.99 held in escrow by the United States Marshals Service relating to the sale of real property having a Permanent Index Number of 13-02-211-030-0000 in Cook County, Illinois, commonly known as 6105 North Kimball Street, Chicago,

37

Illinois.

    4.    To the extent that the funds described above as being subject to forfeiture pursuant to Title 18, United States Code, Section 982, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    have been transferred to, sold to, or deposited with a third person;

    (c)    have been placed beyond the jurisdiction of the court;

    (d)    have been substantially diminished in value, or

    (e)    have been commingled with other property that cannot be subdivided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

    All pursuant to Title 18, United States Code, Section 982.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

38

No. 02 CR 576

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

UNITED STATES OF AMERICA

vs.

SHERMAN F. JAFFE, et al.

I N D I C T M E N T

Violations: Title 18, United States Code,
Sections 2, 1341, 1343 and
1957

A true bill,

_____
Foreman

Filed in open court this _____ day of JUN 2 5 2002 A.D. 20 ___

MICHAEL W. DOBBINS

_____
Clerk

Bail, $ _____

PO 880.320